UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DARLENE CLEMONS,

                              Plaintiff,

    v.                                             Action No. 3:10−CV−101

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

MEMORANDUM OPINION

This matter comes before the Court on Darlene Clemons's objections to Judge Dohnal's Report and Recommendations (R&R) affirming the Social Security Commissioner's denial of her application for Social Security Disability and Supplemental Security Income payments. The Commissioner of the Social Security Administration's (Michael Astrue) decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ"), who determined that Clemons is not disabled according to the Social Security Act. Judge Dohnal recommends that the Court DENY Clemons's Motion for Summary Judgment (Docket No. 12), GRANT the Commissioner's Motion for Summary Judgment (Docket No. 14), and AFFIRM Astrue's decision.

Background

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an

impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920. *See Rogers v. Barnhart*, 216 Fed. App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the applicant is not disabled, the inquiry must stop and the ALJ must conclude the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Clemons is not disabled at the fifth step of the analysis. She found that (1) Clemons had not performed substantial gainful activity since the alleged onset of the condition, (2) she had a severe impairment,[1] and (3) the impairment was not listed in 20 C.F.R. Part 404, Subpart P, App. 1. (R&R at 6.) The ALJ further found that (4) Clemons has the residual functional capacity ("RFC") to perform light work, except that she could only occasionally climb, balance, stoop, kneel, crouch, or crawl; and on occasion she may need to alternate sitting and standing once an hour (R. at 11-13.) The ALJ concluded that these limitations prevented Clemons from performing her past relevant work as a waitress.

Finally, after considering Clemons's age, education, work experience, RFC, and the opinion of a vocational expert, the ALJ concluded that Clemons could perform other jobs that exist in significant numbers in the national economy. The ALJ concluded Clemons was qualified for work as an interviewer, office clerk, document preparer, or receptionist. (R. at 14-15.)

Proceeding *pro se*, Clemons appealed the ALJ's determination, arguing generally that her poor health prevents her from performing even sedentary work on a full-time basis. Judge

---

[1] Clemons suffers from congestive heart failure, hypertension, and substance abuse. (R. at 10.)

Dohnal found that substantial evidence supported the ALJ's decision. Specifically, Judge Dohnal concluded the ALJ properly evaluated Clemons's credibility and treating physicians' determinations, disregarded the opinions of two physicians, and posed hypotheticals to the VE regarding Clemons's abilities and limitations. Judge Dohnal agrees with the Commissioner's determination and recommends that the Court deny Clemons's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the decision.

Clemons objects that (1) the ALJ's determination was not founded on substantial evidence and (2) her condition continues to deteriorate.

## Standard of Review

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

Analysis

Because of the generalized nature of Clemons's objection to the ALJ's judgment, Judge Dohnal addressed the ALJ's manner of determining Clemons's credibility and whether the Commissioner demonstrated that other jobs exist in significant numbers that Clemons could perform. Since Clemons again makes a generalized objection to the R&R, the Court will do the same.

A. **Judge Dohnal applied the correct legal standard in evaluating the ALJ's determination of Clemons's credibility.**

Judge Dohnal correctly concluded that the ALJ's finding regarding Clemons's RFC was supported by substantial evidence. As a prerequisite for determining whether the claimant can continue the work she did in the past, the ALJ must make a finding regarding the claimant's RFC. 20 C.F.R. § 416.920(e), (f). The ALJ's RFC determination must take into account all the relevant evidence in the record of the claimant's case. 20 C.F.R. § 416.945. When the relevant evidence includes a claimant's subjective descriptions of the pain her condition causes her, the ALJ must undertake a two-step inquiry to determine whether pain or other symptoms create a disability. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). First, based on all the evidence in the record, the ALJ must determine whether an underlying medically determinable physical or mental impairment reasonably could produce the individual's pain or symptoms. *Id.* If the ALJ answers that question affirmatively, then she must evaluate the claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work. *Craig*, 76 F.3d at 595. The Court must greatly defer to the ALJ's credibility determinations, accepting them absent exceptional circumstances. *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997).

While the ALJ concluded a medically determinable impairment could have caused Clemons's pain, she refused to credit Clemons's statements to the effect that her medical conditions caused her disabling pain. (R. at 12.) The ALJ concluded that Clemons's claims of disabling physical pain were inconsistent with other evidence that she could live independently, work thirty hours a week as a waitress, and undertake other day-to-day tasks. (R. at 13.)

Judge Dohnal applied the correct legal standard in evaluating the ALJ's judgment. In affirming the ALJ's refusal to credit Clemons's statements, Judge Dohnal found evidence in the record contradicting Clemons's claims of severe, disabling pain. In 2006 and 2008, Clemons was admitted to the hospital amidst complaints of shortness of breath, and in both cases she was discharged without any restrictions on her ability to work. (R. at 238, 240-41, 416, 419.) At her hearing in front of the ALJ, Clemons testified that she worked over fifteen hours a week and performed many day-to-day tasks without assistance. (R. at 22-29, 30-33.) Additionally, the ALJ failed to find evidence of Clemons's claims of unusual urinary frequency, memory loss, or concentration problems. (R. at 12, 306-17.) While the ALJ did not credit Clemons's statements completely, she did take them into account in finding Clemons's work must be limited to involve only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (R. at 12-14.) All told, the Judge Dohnal properly found substantial evidence supporting the ALJ's refusal to credit Clemons's statements of disabling pain.

B. **Judge Dohnal applied the correct legal standard in evaluating the ALJ's consideration of the treating physicians' opinions.**

Judge Dohnal properly considered whether substantial evidence supported the ALJ's decision to assign lower weight to the testimonies of two physicians. The ALJ must analyze the claimant's medical records to determine whether an impairment significantly limits the

claimant's ability to do basic work activities. 20 C.F.R. § 416.912(f). The ALJ must compare multiple opinions if the record contains more than one opinion, and the ALJ must assign respective weights to any inconsistent opinions. 20 C.F.R. §§ 416.927(c)(2), (d). The ALJ need not give a medical opinion controlling weight, or accept it at all, when it is inconsistent with other evidence or is not well-supported. 20 C.F.R. § 404.1527(d)(3)-(4). *See Jarrells v. Barnhart*, 2005 WL 1000255 at *4 (W.D. Va. Apr. 26, 2005).

The ALJ refused to give controlling weight to the testimony of Dr. Hope Haffizulla and refused to give any weight to the testimony of Dr. Charles Cooke. Judge Dohnal found that substantial evidence supported both decisions. With respect to the ALJ's decision to assign Dr. Haffizulla's opinion non-controlling weight, Judge Dohnal found evidence in the record contradicting September 2007 Dr. Haffizulla's judgment that congestive heart failure would prevent Clemons from supporting herself for twelve months. (R. at 302.) Contrary to the evidence underlying Dr. Haffizulla's opinion, the ALJ considered statements from Clemons denying shortness of breath, congestion, and chest pain, and her testimony that she had held a part-time job for much of the prior three years. (R. 22-29, 222, 302, 306-17, 406.)

Additionally, Judge Dohnal correctly evaluated the ALJ's decision to give Dr. Cooke's opinion no weight. Dr. Cooke, a physician who reviewed Clemons's records at the ALJ's request, asserted that the records reflected "numerous" left ventricular ejection fractions ("LVEF") below thirty percent and three hospital admissions for congestive heart failure. (R. at 426-29.) These findings led Dr. Cooke to conclude that Clemons's heart failure qualified as an impairment under section 4.02. *See* 20 C.F.R. Part 404, Subpart P, App. 1.

The ALJ discounted Dr. Cooke's opinion entirely, finding it in conflict with treatment records. First, the ALJ concluded Dr. Cooke misapplied the LVEF requirements in section 4.02.

6

Section 4.02A1 requires the claimant to demonstrate LVEF values of less than thirty percent during a period of stability, rather than during a period of acute heart failure. Clemons demonstrated LVEF values of less than thirty percent during several hospital visits. (R. at 238, 240, 243-44, 258, 409, 416.) But these LVEF findings were made during periods of chronic heart failure. Clemons's records do not indicate that she suffered LVEF values under thirty percent during any time of stability. Her records demonstrate LVEF values ranging between forty and forty-five percent during periods of stability. (R. at 366, 369.)

Second, the ALJ concluded Dr. Cooke misapplied the provision of section 4.02B requiring three or more hospital visits. Section 4.02B requires a claimant suffering from diastolic or systolic failure to experience three or more episodes of acute congestive heart failure, resulting in physician intervention, in a twelve-month period. Dr. Cooke appeared to find that Clemons had satisfied that condition. (R. at 428.) As the ALJ pointed out, though, only two of Clemons's hospital admissions occurred within a twelve-month period. (R. at 11, 238, 244, 412-24.)

Judge Dohnal concluded that substantial evidence supported the ALJ's judgment, since the ALJ considered the record in its entirety before assigning Dr. Cooke's opinion no weight. Having correctly concluded that the ALJ did consider all of the relevant evidence before rejecting Dr. Cooke's opinion, Judge Dohnal applied the proper legal standard to the ALJ's consideration of Dr. Cooke's testimony.

C. **Judge Dohnal applied the correct legal standard in evaluating the hypothetical the ALJ posed to the VE.**

At the fifth step in the sequential analysis, the ALJ must determine whether, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing

7

other work available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f). The Commissioner has the burden of proof on this step, and in doing so he may use the testimony of a vocational expert ("VE"). *Bowen*, 482 U.S. at 146 n.5. The VE's testimony is relevant if it responds to a question from the ALJ that takes into account all the evidence in the record and properly incorporates all of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).

The ALJ posed the VE two hypotheticals, one involving light work and another concerning sedentary work, and incorporated Clemons's limitations into both. (R. at 50-53.) The ALJ's questions incorporated Clemons's limitations. (R. at 50-51.) The VE answered that a person with Clemons's ailments could work as an interviewer, office clerk, or receptionist, all of which exist in significant numbers in the national economy. (R. at 50-53.) The VE further testified that a person with Clemons's ailments could perform any of those occupations while sitting, as Clemons's condition requires. (R. at 15, 50-52.) The ALJ relied on this testimony to conclude that Clemons was capable of performing work that exists in significant numbers in the national economy. (R. at 14-15.)

Judge Dohnal concluded that the VE's testimony constituted substantial evidence that supported the ALJ's judgment that a substantial number of jobs fit for Clemons exist in the national economy. The VE's testimony constitutes substantial evidence, and therefore Judge Dohnal applied the proper standard to the ALJ's judgment.


D. **If Clemons's condition has indeed worsened, she must file a new benefits application in order for the Commissioner to take account of any increased limitations.**

In her objections to the R&R, Clemons asserts that her conditions have intensified since the ALJ rendered her opinion. In order for the Commissioner to consider any new limitations

8

her medical conditions have caused, Clemons must file a new application for benefits. 20 C.F.R. §§ 404.620(a)(2), 416.330(b).

## Conclusion

Because the Court finds that the ALJ applied the correct legal standard and came to a conclusion supported by substantial evidence, Clemons's objections are overruled and the Magistrate Judge's Report and Recommendation is adopted as the ruling of this Court. Thus, Clemons's Motion for Summary Judgment is denied, the Commissioner of Social Security's Motion for Summary Judgment is granted, and the Commissioner's decision denying benefits to Clemons is affirmed.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this   11th   day of March 2011